IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK R. GRAHAM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-4596 |
| E. ROBESON MACKETHAN, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **MARCH 24, 2008**

      Presently before this Court is the Motion to Compel Production of Initial Disclosures and for Attorney's Fees and Costs filed by Plaintiff pursuant to Fed. R. Civ. P. 37. For the reasons stated below, attorney's fees and costs are awarded to Plaintiff.

**I.      BACKGROUND**

      Defendant E. Robeson MacKethan ("MacKethan") was served with Plaintiff Mark R. Graham's ("Graham") Complaint on November 6, 2007. MacKethan failed to answer within the required time, and Graham moved for a default judgment. The Clerk of Court entered a default against MacKethan on November 30, 2007. Following that judgment, MacKethan and Graham agreed by stipulation to vacate the entry of default. This Court accepted that stipulation by Order on January 8, 2008. MacKethan was thereafter required to answer the Complaint by January 11, 2008. After he filed his answer, this Court held a telephone scheduling conference on February 1, 2008, which established all necessary deadlines except the trial date. The parties informed the Court that they would select a mutually agreeable trial date themselves, and would provide it to

the Court as soon as possible. The parties finally provided a trial date to this Court on February 13, 2008, and a Scheduling Order was entered that same day.

The Scheduling Order stated that the parties were to begin exchanging Fed. R. Civ. P. 26(a) initial disclosures as of February 13, 2008. At the time that the Scheduling Order was entered, Graham had already provided his initial disclosures. Graham's counsel emailed MacKethan's counsel on February 15, 2008, and asked when MacKethan's initial disclosures would be made. MacKethan's counsel's response indicated that initial disclosures could not be made at that time because he was awaiting information from his client. Graham's counsel emailed again on February 21, 2008, and said he would take the matter up with the Court if the initial disclosures were not produced by the end of the day on February 27, 2008. MacKethan neither provided his initial disclosures by the deadline, nor gave a reason why they were not made, and a Motion to Compel was filed by Graham on February 28, 2008.

In consideration of the Motion to Compel, this Court issued an Order establishing a briefing schedule on February 28, 2008. MacKethan was required to oppose the Motion on or before March 4, 2008, and Graham was directed to file a reply on or before March 6, 2008. On March 4, 2008, MacKethan filed his opposition to which a blank declaration was attached. The initial disclosures were also provided to Graham on that date. Graham filed his reply to the opposition on March 6, 2008.

**II.    DISCUSSION**

"A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order[.]" Fed. R. Civ. P. 26(a)(1)(C). This Court's Scheduling Order established February 13, 2008, as the start of the

fourteen days that Graham and MacKethan had in which to produce initial disclosures.  Under the computation formula used in the Federal Rules, the fourteen day period ran until the close of day on February 27, 2008.  MacKethan was required to produce his initial disclosures within that two week period.  He failed to do so.

Graham filed his Motion under Fed. R. Civ. P. 37(a)(3)(A), which states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  This Court need not address the issue of compelling the initial disclosures because MacKethan has since provided them, and the issue has thus been rendered moot.  However, the fact that initial disclosures have been made does not dispose of Graham's request for attorney's fees and costs in connection with the Motion.

Rule 37(a) states: "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  However, "the court must not order this payment if . . . the opposing party's nondisclosure . . . was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(ii).  This Court must award attorneys fees and costs to Graham unless MacKethan can show that his failure to timely disclose was substantially justified.

MacKethan's counsel argues that the initial disclosures were not timely filed because he was unable to contact his client who was away on vacation and business from February 15, 2008, through February 28, 2008.  Thus, MacKethan's counsel states that there was no way to obtain the information necessary to provide the disclosures before the fourteen day period expired.

MacKethan's counsel contends that the delay in providing the disclosures was unavoidable, and this Court should hold that the failure was substantially justified.

This Court does not find that MacKethan has offered a substantial justification for his failure to timely disclose. While his client may have gone on vacation two days after the Order was finally entered, the parties were well apprised of their duties to disclose for the two weeks preceding the entry of the Scheduling Order. MacKethan's counsel had ample time after the scheduling conference in which to obtain the information he would need to disclose once the Order was finally entered. The fact that no information was gathered from MacKethan between the telephone conference and the date the Order was issued suggests to this court that the failure to timely disclose was the result of a mistake, oversight, or procrastination by MacKethan and his counsel. Graham's counsel was able to obtain and disclose the information in the thirteen days between the scheduling conference and the Scheduling Order. Additionally, Mackethan was also apparently available for two days after the Scheduling Order was issued, but no explanation has been given why he and his counsel were not in contact during that time. Mistake, oversight, or procrastination does not rise to the level of substantial justification required by Fed. R. Civ. P. 37. See generally Hartford Cas. Ins. Co. v. Power Play Prod., Inc. 130 F. App'x 170, 171 (9th Cir. 2005). Consequently, MacKethan has not offered a substantial justification for his failure to timely disclose, and reasonable costs and attorney's fees must be awarded to Graham under Fed. R. Civ. P. 37(a)(5)(A) in regard to the Motion to Compel.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARK R. GRAHAM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-4596 |
| E. ROBESON MACKETHAN, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 24th day of March, 2008, upon consideration of the Plaintiff's Emergency Motion to Compel Production of Defendant's Initial Disclosures and for Attorney's Fees and Costs (Doc. No. 15), and the response and reply thereto, it is hereby **ORDERED** that:

1. the Motion is **DENIED AS MOOT** with respect to compelling initial disclosures;

2. the Motion is **GRANTED** in regard to the award of reasonable attorney's fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) in favor of Plaintiff; and

3. Plaintiff shall **SUBMIT** to this Court within thirty (30) days an accounting of said expenses so that the amount of the sanction may be determined.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE